Matthew D. DiBrino, Esq.
The Law Offices of Matthew D. DiBrino, LLC
897 McBride Avenue
West Paterson, New Jersey 07424
Telephone: 973-653-2162
Facsimile 973-256-7667
Counsel for Plaintiff Richard DiBrino &Hillsboro Financial Associates

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| In re:<br><br>LINDA CLARK a/k/a/<br>LINDA FRUSTOL<br><br>              Debtors. | Chapter 7<br><br>Case No. 10-49482-DHS |
|---|---|
| RICHARD J. DiBRINO & HILLSBORO FINANCIAL ASSOCIATES<br>              Plaintiffs<br>v.<br><br>LINDA CLARK a/k/a LINDA FRUSTOL,<br><br>              Defendant. | Hon. Rosemarie Gambardella |

## COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 523

Plaintiffs Richard J. DiBrino and Hillsboro Financial Associates ("Plaintiffs"), by way of complaint against Defendant Linda Clark a/k/a/ Linda Frustol ("Defendant"), says:

## JURISDICTION AND VENUE

1. At all relevant times Defendant Richard DiBrino was a sole proprietor, doing business as Defendant Hillsboro Financial Associates. Defendant Richard DiBrino resides in and Defendant Hillsboro Financial Associates operates out of Woodland Park (formerly West Paterson), New Jersey

2. On or about June 30, 2011, Defendant filed a Voluntary Petition for relief under Title 11, Chapter 7, of the United States Bankruptcy Code. The Petition was incomplete and missing material portions.

3. This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. §§ 157 & 1334.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(I) and (J) to determine a debt to be non-dischargeable.

5. This civil proceeding is grounded on 11 U.S.C. § 523.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a).

## FACTS APPLICABLE TO ALL COUNTS

7. At all relevant times, Defendant Linda Clark was the owner, operator and President of both Non Party JTA Enterprises and Lucre Fund and ran a Ponzi Scheme, along with using these companies.

8. At some point in 2003, Plaintiffs were approached with respect to an investment opportunity with both JTA Enterprises and Lucrefund, whom were both owned and operated by Defendant Linda Clark. These companies were listed as Environmental Consultant Companies, although Defendant has never done such consulting.

9. As per the investment opportunity, the investment funds were to be placed in a non

depletion account and Plaintiffs were to receive a 5% monthly return for such funds for a period of two years. At the end of the two year period, Plaintiffs were to receive their initial principle back. Plaintiffs initially invested $200,000.00 with the Defendant and her Fraudulent companies.

10. After the investment was made, Plaintiffs received checks with respect to the investment which were all disbursed and signed by Defendant Linda Clark. If monies were not received via check, Defendant Linda Clark would wire the money directly to the Plaintiffs.

11. Payments for the initial $200,000.00 investment were made on time. During the latter portion of 2003, Plaintiffs again were approached with respect to additional investment opportunities that could be made available to them with the Defendant and her fraudulent companies.

12. To this effect, Plaintiffs were supplied a fictitious prospectus for a company called the The Horizon Group, which in turn was addressed to Defendant as President of JTA Enterprises. This further induced Plaintiffs to invest additional monies with the Defendant.

13. On or about April 14, 2005, Plaintiff wired an additional $550,000.00 to Defendant and her companies for yet another additional investment. During the month of April 2005, Defendant Linda Clark used these investment funds as her own personal piggy bank, paying back other defrauded investors, sending over $100,000.00 to her brother Glen Frustol, funding her lifestyle as well as paying back the Plaintiff a portion of his investment under the guise that it was a return on the Plaintiffs' investment. Up until this point, Plaintiff had invested 2.95 million dollars with the Defendant and her fraudulent companies and had received approximately 2.4 million dollars in return.

14. In November of 2006, it was discovered that Defendant was running a Ponzi

Scheme and was under investigation by both the Securities Exchange Commission as well as the New Jersey Attorney General's Office. At some point near Thanksgiving of 2006, Plaintiff was owed approximately $550,000.00. During an in person meeting, it was explained to the Plaintiff that in order for the Defendant to avoid further investigation and possible prosecution by the investigating bodies, Defendant had to show that the victims of her Ponzi Scheme were made whole. To that affect, Defendant gave Plaintiff a second mortgage on her then home in the amount of $125,000.00.

15. This mortgage was executed on January 10, 2007 and carried with it a seven (7%) per annum interest rate. Its due date was January 10, 2008. Said mortgage was property recorded. Interest payments made in connection with this mortgage were made by the Defendant.

16. As a result of her involvement with the aforementioned Ponzi Schemes, Defendant has been the subject of numerous criminal investigations, been a named Defendant in civil litigations, had her accounts frozen as well as incurred approximately $250,000.00 in legal fees.

17. Ultimately, Defendant had defaulted on her original mortgage and the property which was encumbered by the Plaintiffs mortgage was sold in a short sale. Plaintiff received $30,000.00 from the proceeds of said sale leaving a deficit of $95,000.00 plus seven percent (7%) interest from 2008.

## COUNT I

### Objection to Discharge under 11 U.S.C. § 523(a)(2)(A)

18. Plaintiff repeats and realleges paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. As set forth above, Defendants debt was incurred by using false pretenses, false representations and actual fraud, in inducing the Plaintiff to invest with her while she was running a Ponzi Scheme.

20. As a result of Defendant's acts, the debt in question that Defendant is seeking to discharge was a product of Fraud.

21. Plaintiff objects to Debtors' discharge under 11 U.S.C. § 523 (a)(2)(A)

## COUNT II

### Objection to Discharge under 11 U.S.C. § 523 (a)(2)(B)

22. Plaintiff repeats and realleges paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Defendant had induced the Plaintiff to invest with her and her fraudulent companies by using a statement in writing that was materially false respecting the Defendant on which the Plaintiff reasonable relied upon which was used by the Defendant to intentionally deceive the Plaintiff. .

24. Plaintiff objects to Debtors' discharge under 11 U.S.C. § 523 (a)(2)(B)

## COUNT III

### Objection to Discharge under 11 U.S.C. § 523 (4)

25. Plaintiff repeats and realleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Defendant knowingly and fraudulently, in connection with the bankruptcy case, made a false oath or account; or presented or used a false claim.

27. As a result of Defendant' acts, Plaintiff is unable to ascertain Defendant' financial condition in order to collect upon his judgment and has suffered damages.

28. Plaintiff objects to Debtors' discharge under 11 U.S.C. § 727(a)(4).

## COUNT IV

### Objection to Discharge under 11 U.S.C. § 523 (a)(4)

29. Plaintiff repeats and realleges paragraphs 1 through 28 of the Amended Complaint as if fully set forth herein.

30. Defendant perpetuated a fraud and/or a defalcation while acting in a fiduciary capacity as President/Owner Operator of both JTA Enterprises and Lucrefund.

31. Plaintiff objects to Debtors' discharge under 11 U.S.C. § 523 (a)(4).

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. That Defendant be denied discharge pursuant to 11 U.S.C. § 523 (a)(2)(B), (a)(2)(B) and (a)(4);

B. For attorneys' fees, expenses, accruing interest on the judgment since the date of judgment and costs of suit; and

C. For such other relief that the Court deems just and equitable.

> THE LAW OFFICES OF MATTHEW D. DiBRINO, LLC
> Matthew D. DiBrino, Esq.
> 897 McBride Avenue
> Woodland Park, New Jersey 07424
> (973) 653-2162
> (973) 256-7667, fax

Dated: September 26, 2011

BY: _____
Matthew D. DiBrino, Esq.